UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HERBERTO DIAZ CASALS,

    Petitioner,

v.	Case No.: 2:26-cv-00474-SPC-NPM

KRISTI NOEM *et al.*,

    Respondents,
_____/

## **OPINION AND ORDER**

Before the Court is Herberto Diaz Casals' Petition for Writ of Habeas Corpus (Doc. 1), the government's response and supplemental responses (Docs. 4, 6, and 7), and Diaz Casals's reply (Doc. 9). For the below reasons, the Court grants the petition.

Diaz Casals is a native and citizen of Cuba who entered the United States on March 29, 2021. A Border Patrol agent issued a Form I-860, which is a form normally used in expedited removal. It contains two parts. The agent completed and signed the Determination of Inadmissibility section, but he did not complete and sign the Order of Removal. (*See* Doc. 7-1). Diaz Casals expressed fear of persecution if returned to Cuba, and he was released into the country on his own recognizance after two weeks in detention. Diaz Casals has no criminal history, he has complied with all reporting and supervision requirements of his release, and he filed a timely application for asylum.

On October 14, 2025, Diaz Casals reported to the U.S. Citizen and Immigration Service's Miami asylum office. An asylum officer found Diaz Casals does not have a credible fear of persecution or torture, and Immigration and Customs Enforcement ("ICE") arrested him. He has been in ICE detention since then, with no end in sight.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is subject to mandatory detention. As the respondents acknowledge, the Court rejected their arguments in cases that presented similar issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile.

The respondents claim they are detaining Diaz Casals under the expedited removal provisions of the INA, codified as 8 U.S.C. § 1225(b)(1), and ICE agents have generally treated Diaz Casals as if he is subject to an expedited removal order. But according to the evidence before the Court, Diaz Casals was never ordered removed. The government did not process Diaz

2

Casals for expedited removal when he entered the country, and that ship has since sailed. The INA explicitly excludes from expedited removal noncitizens who—like Diaz Casals—have lived continuously in the United States for more than two years after being paroled into the country. 8 U.S.C. § 1225(b)(1)(A)(i)–(iii). Nor has ICE commenced any other removal proceeding against Diaz Casals.

Based on the evidence and argument before the Court, no provision of the INA justifies Diaz Casals's detention. As a practical matter, the Court has learned from the hundreds of immigration habeas cases brought before it over the last few months that Cuba does not accept repatriations from the United States. And ICE has made no apparent attempt to find a third country for removal. It appears ICE locked Diaz Casals up in October 2025 and forgot about him. With no removal proceedings pending or removal efforts ongoing, he is in administrative limbo. Without habeas relief, he is facing indefinite detention without due process in violation of the Fifth Amendment. *See Zadvydas v. Davis*, 533 U.S. at 700-01 (2001).

Accordingly, it is hereby

**ORDERED**:

Herberto Diaz Casals's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1)     The respondents shall release Diaz Casals within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 7, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record